UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONEYFORLAWSUITS V LP, et al.,

          Plaintiffs,

                                  Civil No. 10-11537

v.                                    HON. MARK A. GOLDSMITH

TAMMY ROWE, et al.,

          Defendants.

_____/

## OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS TO GARNISHMENT (DKTS. 270 and 273)

Defendants Vivian Arousell and Carrie Flemion, both proceeding pro se, filed objections to garnishment.  Flemion's Obj. (Dkt. 270); Arousell's Obj. (Dkt. 273).  Plaintiffs filed responses (Dkts. 274, 276) and the Court held separate hearings on both objections.  For the reasons stated below, the Court overrules Defendants' objections.

### I. BACKGROUND

In this case, the Court entered judgment against Defendant Arousell in the amount of $338,475.97, plus attorney fees and costs in the amount of $5,000.  J. (Dkt. 217).  The Court also entered judgment against Defendant Flemion in the amount of $812,572.75, plus attorney fees and costs in the amount of $2,500.  J. (Dkt. 239).

Plaintiffs sought a writ of garnishment to satisfy the judgment entered against Defendant Arousell.  Request for Writ (Dkt. 246).  The Clerk of the Court issued a notice of garnishment to Bank of Ann Arbor.  11/06/2012 Notice (Dkt. 262).  Plaintiffs served the writ upon the bank.  See Garnishee Disclosure (Dkt. 256).  The bank executed a garnishee disclosure stating that the bank was indebted to Defendant Arousell in the amount of $312,000.  Id.  The bank mailed a

1

copy of the writ and the garnishee disclosure to Defendant Arousell on November 13, 2012.  Id.
Defendant Arousell states that she received a copy of the writ on December 6, 2012, but the
certified mail receipt indicates that she received it on November 30, 2012.  1/15/2013 Letter
(Dkt. 277).  The bank then issued a check to Plaintiffs on December 10, 2012 for $312,000.  Pls.'
Resp. at 2 (Dkt. 276).  Defendant Arousell filed an objection to the garnishment on December
26, 2012.  Arousell's Obj. (Dkt. 273).

Plaintiffs also sought a writ of garnishment for the judgment entered against Defendant
Flemion.  Request for Writ (Dkt. 251).  The Clerk of the Court issued a notice of garnishment to
Bank of Ann Arbor.  11/06/2012 Notice (Dkt. 253).  Plaintiffs served the writ upon the bank.
See Garnishee Disclosure (Dkt. 267).  The bank executed a garnishee disclosure stating that it
was indebted to Flemion in the amount of $258,473.60.  Id.  The bank mailed a copy of the writ
and the garnishee disclosure to Flemion on November 13, 2012.  Id.  The bank issued a check to
Plaintiffs on December 10, 2012 for $258,473.60.  Pls.' Resp. at 2 (Dkt. 274).  Flemion filed an
objection to garnishment on December 12, 2012.  Flemion's Obj. (Dkt. 270).

## II.  ANALYSIS

The Court proceeds under Federal Rule of Civil Procedure 69(a), which directs a district
court to consult the practice and procedure of the state in which it sits for enforcement of a
money judgment.

Under Michigan law, a judgment-creditor may attempt to collect a money judgment by
garnishing property belonging to the judgment-debtor that is in the possession or control of a
third party.  Carpenters S. Cal. Admin. Corp. v. Mfg. Nat'l Bank of Detroit, 910 F.2d 1339, 1340
(6th Cir. 1990) (citing Mich. Comp. Laws § 600.4011; MCR 3.101).  The party seeking to
garnish a defendant's property must serve the defendant and the garnishee with the writ of

garnishment.  MCR 3.101(F).  After 28 days from the date of the service of the writ on the garnishee, the garnishee shall transmit all withheld funds to the plaintiff, unless objections are filed.  MCR 3.101(J)(1).  If objections are filed within 14 days of service of the writ, payment is suspended.  MCR 3.101(K).  Objections may be filed after 14 days, but they do not suspend payment pursuant to subrule (J), unless ordered by the court.  Id.  Michigan law provides six bases for objections: (i) the funds or property are exempt from garnishment by law; (ii) garnishment is precluded by the pendency of bankruptcy proceedings; (iii) garnishment is barred by an installment payment order; (iv) garnishment is precluded because the maximum amount permitted by law is being withheld pursuant to a higher priority garnishment or order; (v) the judgment has been paid; and (vi) the garnishment was not properly issued or is otherwise invalid. Id.  "Objections may only be based on defects in or the invalidity of the garnishment proceeding itself, and may not be used to challenge the validity of the judgment previously entered."  Id.

A party against whom a money judgment has been entered may move for entry of an order permitting the judgment to be paid in installments.  MCR 3.104(A).  However, entry of an installment judgment does not "prohibit a plaintiff from taking any legal means for the collection of a judgment excepting the garnishment of money due or to become due the defendant for the personal work and labor of the said defendant."  Mich. Comp. Laws § 600.6245.

In this case, Defendant Arousell argues that the garnishment of her bank account is invalid because her attorney, Ralph Sirlin, failed to apprise her of the lawsuit brought by Plaintiffs.  Arousell's Obj. at 3-4 (Dkt. 273).[1]  Defendant Arousell states that the garnishment leaves her in financial difficulties, as she owes money on her house and has three children.  Id. Defendant Arousell states that she does not contest owing Plaintiffs money, but requests to make

---

[1] Defendant Arousell's objection appears on a "Request for Investigation" form apparently filed with the Michigan Attorney Grievance Commission.

installment payments.  Id.  Similarly, Defendant Flemion states in her objection that she has three children, is on state aid, and would like to enter into a payment plan.  Flemion's Obj. at 1 (Dkt. 270).  At the hearings on their objections, both Defendants argued that their attorney, Mr. Sirlin, had not kept them apprised of their case and they were surprised by what they considered to be unfair garnishment of their accounts.

In response, Plaintiffs argue that the objections are invalid because (i) they were not timely filed and (ii) they lack a valid basis as provided by the Michigan Court Rules.  Pls.' Resp. at 2-3 (Dkt. 274); Pls.' Resp. at 2-3 (Dkt. 276).

Plaintiffs correctly note that both Defendants filed their objections after 14 days of service of the respective writs, but Michigan law allows objections to be filed outside that time frame.  MCR 3.101(K).  The difference between an objection made within 14 days and an objection made afterward is that the former suspends payment by the garnishee.  Id. Consequently, Defendants' objections are timely and properly before the Court.

However, the Court agrees with Plaintiffs that neither Defendant has provided a basis under Michigan law to challenge the garnishment of their bank accounts and, accordingly, must overrule their objections.  The basis for Defendant Arousell's objection – that she faces financial hardship due to the ineffectiveness of her attorney – challenges the validity of the underlying judgment and is not cognizable under Michigan law.  Likewise, Defendant Flemion's objection attacks the judgment upon which the garnishment is premised and does not offer a valid basis for the objection.  Furthermore, Defendants' requests for installment payments would not provide any basis for objecting to the garnishments because the garnishments do not seek funds owed for Defendants' work or labor.  Rather, they apply to bank accounts holding the proceeds from the settlement of a lawsuit.

**III.  CONCLUSION**

Accordingly, the Court overrules Defendants' objections (Dkts. 270 and 273).

SO ORDERED.

Dated:  February 7, 2013                          s/Mark A. Goldsmith
        Flint, Michigan                           MARK A. GOLDSMITH
                                                  United States District Judge

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2013.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager

5